meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

### 98–2616. Cincinnati Bar Assn. v. Wilson.

On June 28, 2000, this court suspended respondent, Steven C. Wilson, Attorney Registration No. 0032952, last known business address in Cincinnati, Ohio, for a period of six months with the entire six months stayed subject to being actually served should respondent fail to meet the conditions of his probation. The court further ordered that the probation conditions included, *inter alia*, that respondent make restitution to Joseph McAtee of $8,000, plus interest, within six months. On July 18, 2001, relator, Cincinnati Bar Association, filed a report of respondent's compliance with probation. Upon consideration thereof,

IT IS ORDERED by this court that respondent show cause by filing a written response with the Clerk of this court on or before twenty days from the date of this order why his probation should not be revoked and why he should not be suspended from the practice of law for failure to make payment of $8,000, plus interest, to Joseph McAtee.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

### 00–1862. In re Resignation of Stidham.

On February 12, 2001, this court accepted the resignation of respondent, Chuck Ray Stidham, Attorney Registration No. 0031507, last known business address in Cincinnati, Ohio, with the designation of disciplinary action pending. On August 23, 2001, the Cincinnati Bar Association filed a motion for the court to order respondent to show cause why he should not be held in contempt for failure to return client files as ordered by the court on February 12, 2001. Upon consideration thereof,

IT IS ORDERED by this court that the motion be and is hereby granted and that respondent show cause by filing a written response with the Clerk of this court on or before twenty days from the date of this order why he should not be held in contempt for failure to comply with this court's order of February 12, 2001.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

### 01–1629. In re Pace.

On September 7, 2001, and pursuant to Gov.Bar R. V(5)(A)(3), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court certified to the Supreme Court a certified copy of a judgment entry of a felony conviction against Don Pace, a.k.a. Don Haywood Pace, an attorney licensed to practice law in the state of Ohio.

Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that Don Pace, a.k.a. Don Haywood Pace, Attorney Registration No. 0025708, last known address in Panama City Beach, Florida, be, and hereby is, suspended from the practice of law for an interim

period, effective as of the date of this entry.

IT IS FURTHER ORDERED that this matter be, and is hereby, referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings.

IT IS FURTHER ORDERED that Don Pace, a.k.a. Don Haywood Pace, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that, effective immediately, he be forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

IT IS FURTHER ORDERED that he is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due him, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio,

including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

**01–1630.  In re Al'Uqdah.**

On September 7, 2001, and pursuant to Gov.Bar R. V(5)(A), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court submitted to this court a certified copy of a determination of default of a child support order by William Al'Uqdah, a.k.a. William Mujahid Al'Uqdah, an attorney licensed to practice law in the state of Ohio.

Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that William Al'Uqdah, a.k.a. William Mujahid Al'Uqdah, Attorney Registration No. 0039809, last known business address in Cincinnati, Ohio, be, and hereby is, suspended from the practice of law for an interim period, effective as of the date of this entry, and further, that he shall remain suspended until he is in full compliance.

IT IS FURTHER ORDERED that this matter be, and is hereby, referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings.

IT IS FURTHER ORDERED that William Al'Uqdah, a.k.a. William Mujahid Al'Uqdah, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that, effective immediately, he be forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

IT IS FURTHER ORDERED that he is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law until (1) the Board of Commissioners on Grievances and Discipline files in accordance with Gov.Bar R. V(5)(D)(1)(b) with the Supreme Court a certified copy of a judgment entry reversing the determination of default under a child support order, or it files in accordance with Gov.Bar R. V(5)(D)(1)(c) with the Supreme Court a notice from a court or child support enforcement agency that respondent is no longer in default under a child support order or is subject to a withholding or deduction notice or a new or modified child support order to collect current support or any arrearage due under the child support order that was in default and is complying with that notice or order, and (2) this court orders respondent reinstated to the practice of law.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.